Appeal Dismissed; Petition for Writ of Mandamus Conditionally Granted
and Majority and Dissenting Opinions filed July 13, 2004









Appeal Dismissed; Petition
for Writ of Mandamus Conditionally Granted and Majority and Dissenting Opinions
filed July 13, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01139-CV

____________

 

FELDMAN/MATZ
INTERESTS, L.L.P. D/B/A FELDMAN HANSZEN L.L.P. AND D/B/A STEWART A. FELDMAN
& ASSOCIATES, L.L.P., STEWART A. FELDMAN, ESQ., RAPID MANAGEMENT CORP., AND
RAPID SETTLEMENTS, LTD., Appellants

 

V.

 

SETTLEMENT
CAPITAL CORPORATION, Appellee

_______________________________________________________________________

 

On Appeal from the 127th District Court

Harris County, Texas

Trial Court Cause No. 03-53078

_______________________________________________________________________

 

No. 14-03-01103-CV

 

IN RE FELDMAN/MATZ
INTERESTS, L.L.P. D/B/A FELDMAN HANSZEN L.L.P. AND D/B/A STEWART A. FELDMAN
& ASSOCIATES, L.L.P., STEWART A. FELDMAN, ESQ., RAPID MANAGEMENT CORP., AND
RAPID SETTLEMENTS, LTD.

_______________________________________________________________________

 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

_______________________________________________________________________

 








D I S S E N T I
N G   O P I N I O N

The Federal Arbitration Act (AFAA@) provides for: (1) stays of
proceedings in which an issue is referable to arbitration and the applicant for
the stay is not in default in proceeding with such arbitration; and (2) orders
compelling arbitration when a party has failed or refused to comply with an
arbitration agreement.  9 U.S.C.A. '' 3, 4 (West 1999);[1]
E.E.O.C. v. Waffle House, Inc., 534 U.S. 279, 289 (2002).  Although there is a liberal federal policy
favoring arbitration agreements, absent some ambiguity in the agreement, it is
the language of the contract that defines the scope of disputes subject to
arbitration.  E.E.O.C., 534 U.S.
at 289.  The FAA directs courts to place
arbitration agreements on equal footing with other contracts, but it does not
require parties to arbitrate when they have not agreed to do so.  Id. at 293.  Its purpose was to make arbitration
agreements as enforceable as other contracts, not more so.  Id. at 294.  Therefore, we look first to whether the
parties agreed to arbitrate a dispute, not to general policy goals, to
determine the scope of the agreement.  Id.  While ambiguities in the agreement should be
resolved in favor of arbitration, we do not override the clear intent of the
parties, or reach a result inconsistent with the plain text of the contract,
simply because the policy favoring arbitration is implicated.  Id. 
Arbitration under the FAA is a matter of consent, not coercion.  Id.








In this case, the applicable contract language provides that
with regard to the specified disputes, including the one in this case, either
party Amay@ submit it to an arbitration association
for binding arbitration.  This language
is permissive, rather than mandatory, in the sense that either party has a
right to require arbitration, but neither is required to arbitrate if the other
does not invoke the right.[2]  At the time Feldman filed its motion (the Amotion@) to compel arbitration and stay
proceedings, it had not (and still has not) attempted to submit the dispute to
an arbitration association.

The majority holds that filing the motion was itself
sufficient to invoke Feldman=s rights to compel arbitration and stay the proceedings.  However, at the time Feldman filed its
motion, Settlement Capital was under no obligation to arbitrate because Feldman
had not submitted the dispute to an arbitration association and was not required
to do so.  Because no obligation to
arbitrate existed at that time, Settlement Capital was not then in breach of
any such obligation, and Feldman thus had no right to compel arbitration under
section 4. 

Similarly, in that Settlement Capital had not submitted the
dispute to an arbitration association, it was within the trial court=s discretion to conclude that the
matter was not yet referable to arbitration (or, alternatively, Settlement
Capital was in default in proceeding with arbitration),[3]
such that the requisites had not been met to stay the proceedings under section
3.  Moreover, because the plain meaning
of the language of the agreement in these respects is unambiguous, there is
nothing to construe in favor of arbitration. 
Therefore, the trial court did not abuse its discretion in denying the
motion, and Feldman=s mandamus petition should be denied.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Memorandum
Opinion filed July 13, 2004.

Panel consists of Justices Fowler,
Edelman, and Seymore.  (Fowler, J., majority.)

 

 











[1]           Where
an issue is referable to arbitration, but a party is not in breach of an
arbitration agreement, Section 3 allows courts only to stay proceedings, not
compel arbitration.  See Hill v. G.E.
Power Sys., Inc., 282 F.3d 343, 347 (5th Cir. 2002).





[2]           The
majority cites cases purportedly holding that an agreement to arbitrate is
mandatory even if it uses permissive terms such as Amay.@  If this is
true, parties are legally incapable of contracting for arbitration that is
required only if one or the other requested it, contrary to the principles
stated in E.E.O.C., above.  See
also Briggs & Stratton Corp. v. Local 232, Int=l Union, Allied Indus. Workers of Am., 36 F.3d 712, 715-716 (7th Cir. 1994) (AThe dispute does not come within ' 4 of the Arbitration Act because no one has demanded
arbitration. . . .  It does not come
within ' 3 because, given the contractual nature of
arbitration, a dispute that neither side wants to arbitrate is not >referable to arbitration=B and
perhaps because the union, by refusing to submit its own demand is >in default.=@).





[3]           See
Briggs, 36 F.3d at 716 (AThis is not to say that a dispute is >referable to arbitration= only if
a party has made a formal demand; . . . requests in the course of litigation
may suffice.@).